UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WHITEHAUS COLLECTION, a division of
WHITE'S PLUMBING SUPPLIES, INC.,

       Plaintiff,

    v.

BARCLAY PRODUCTS, LIMITED,
NANTUCKET SINKS U.S.A., and L.A.
SALES, INC.,

       Defendants.

11 Civ. 217 (LBS)

**MEMORANDUM
& ORDER**

---

SAND, J.

  This is an action for patent infringement arising under 35 U.S.C. §§ 271 and 281 and trademark infringement arising under 15 U.S.C. § 1125(a). Before the Court is Defendant Barclay Products, Limited's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Defendant Barclay seeks to have this case transferred to the United States District Court for the Northern District of Illinois.

  For the reasons stated below, Defendant Barclay's motion is granted.

  **I. Background**

  Plaintiff Whitehaus Collection is a Connecticut corporation with its principal place of business in West Haven, Connecticut. Compl. ¶ 2.[1] It operates as a designer, manufacturer, and distributor of high-end decorative plumbing fixtures. *Id.* Defendant Barclay Products, Limited ("Barclay") is an Illinois corporation with its principal place of business in Gurnee, Illinois. Compl. ¶ 3. Defendant Nantucket Sinks, U.S.A. ("Nantucket") is a Connecticut corporation

---

[1] All citations to the Complaint refer to the Complaint filed by Plaintiff on January 11, 2011.

1

doing business as Seena Stone, LLC, with its principal place of business in Norwalk, Connecticut. Compl. ¶ 4. Defendant L.A. Sales, Inc. ("L.A. Sales") is a New York corporation with its principal place of business in New York, New York. Compl. ¶ 5. All three Defendants conduct business in or sell fireclay sinks and other decorative plumbing features through their respective websites. Compl. ¶¶ 10, 15, 21, 27.

Plaintiff's president, Efraim Eckhaus, was the original holder of United States Design Patent No. D624,635S, entitled "Reversible Sink Façades," issued by the United States Patent Office on September 28, 2010. Eckhaus Decl. ¶ 1; Compl. Ex. A. Eckhaus assigned the patent to Plaintiff on December 20, 2010. Compl ¶ 11. The patent describes a fireclay sink with a fluted apron design on one side, and a concave panel design on the other (the "Patented Invention"). *Id.* ¶ 12. Plaintiff asserts that it owns "unique" trade dress in the Patented Invention, and that this trade dress is protected under the Lanham Act. *Id.* Plaintiff alleges that Barclay sells an infringing product ("Accused Product"), a fireclay sink marketed and sold under the name "Roberta." *Id.* ¶ 16, Ex. C. The Accused Product, according to Plaintiff, is identical to the Patented Invention. *Id.* ¶ 18. Plaintiff makes similar allegations against the other two Defendants, *id.* ¶¶ 21-26 (Nantucket); ¶¶ 27-32 (L.A. Sales), but states that they have settled the dispute.[2] Pl. Opp. Br. Mot. Transfer 1 n.1.

Plaintiff filed a Complaint on January 11, 2011 alleging three counts of patent infringement under 28 U.S.C. § 271 with a claim to injunctive relief under 28 U.S.C. § 283, and three counts of trade dress infringement under provisions of the Lanham Act, 15 U.S.C. § 1125(a). Barclay moved to transfer venue to the Northern District of Illinois on May 16, 2011.

---

[2] The parties have not submitted any stipulations or other filings that officially record the alleged settlements or dismiss Nantucket or L.A. Sales from this proceeding.

## II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) proposes a two-part test. First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent. . . . Second, the transfer must be in the interest of justice and convenience the parties and witnesses." *Ins. Co. of N. Am. v. S/S Ro Ro Genova*, 661 F. Supp. 1578, 1579 (S.D.N.Y. 1987) (internal citation omitted).

Under the second prong of this test, "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). "In exercising such discretion, courts commonly consider at least nine factors, viz., (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998). In applying this test, "each factor need not be accorded equal weight, and other factors may be considered*.*" *Malone v. Commonwealth Edison Co.*, 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998).

The United States Court of Appeals for the Second Circuit has held that "the party requesting transfer carries the burden of making out a strong case for transfer." *New York Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). District courts "have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." *Id.*

### III. Discussion

The parties do not dispute that this case could have been brought in the Northern District of Illinois. Therefore, the first prong of § 1404(a)'s test is met. The nine factors underlying the second prong of the test are considered below.

#### A. Locus of Operative Facts

"The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer." *Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). "In a patent infringement action, the locus of operative facts is the jurisdiction where the design and development of the infringing patent occurred." *Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*, No. 03 Civ. 2503 (SHS), 2003 WL 22888804, at *3 (S.D.N.Y. Dec. 5, 2003). Barclay is located in the Northern District of Illnois, along with documents and witnesses relevant to the case. The Accused Product was designed there, and its sales and marketing are conducted there. None of the parties are located in the Southern District of New York, and Plaintiff does not allege that any of the Accused Product's design and marketing originates from this District. Barclay shipped a single unit of the Accused Product into this District, but "where defendants' products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override the other factors

4

favoring transfer." *Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740 (WHP), 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999).

Plaintiff argues that this case should stay in this District because "[o]perative facts in a patent infringement action include facts relating to the design, development, and production of a patented product." *Medien Patent Verwaltung AG v. Warner Bros. Entm't Inc.*, 749 F. Supp. 2d 188, 191–92 (S.D.N.Y. 2010). Moreover, Barclay has filed a counterclaim for declaratory relief, seeking a judgment that Plaintiff's patent fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101–03 and/or 112 *et seq.* Answer at 8–9. Plaintiff correctly argues that this counterclaim puts in issue operative facts relating to Plaintiff's operations. Nevertheless, Plaintiff's arguments are unavailing. They establish that Plaintiff's home forum—the District of Connecticut—would be an appropriate forum for this action, but they establish no operative facts that took place in the Southern District of New York. At most, Plaintiff's arguments tend to show that this District is relatively more convenient for Plaintiff's witnesses. However, considerations of witness convenience are properly considered under different factors of the § 1404(a) test. As far as the locus of operative facts is concerned, Plaintiff has failed to establish any facts situated in this District while Barclay has shown that ample facts are situated in Illinois. Therefore, the locus of operative facts analysis favors transfer to the Northern District of Illinois.

### B. Plaintiff's Choice of Forum

"A court generally accords significant weight to a plaintiff's choice of forum." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004). This rule has two exceptions. First, "the plaintiff's choice of forum receives less deference when that forum is not the plaintiff's home district . . . ." *Id.*; *see also ZPC 2000, Inc. v. SCA Grp., Inc.*, 86 F. Supp. 2d 274, 280 (S.D.N.Y. 2000) (plaintiff's choice of non-home forum "entitled to little deference");

5

*Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (plaintiff's choice of forum "entitled to lesser weight because [plaintiff] has chosen a forum that is not his residence."). Second, "the weight afforded a plaintiff's choice of venue is significantly diminished . . . where the operative facts have no connection to the chosen district." *Royal Ins. Co. of Am. v. U.S.*, 998 F Supp. 351, 354 (S.D.N.Y. 1998). Courts in this District have applied these exceptions against plaintiffs.[3] In *Herbert*, a copyright and trademark infringement case, the court afforded the plaintiff's choice of a non-home forum "relatively little weight" even where the plaintiff conducted all of its business operations through agents and business associates in the forum, holding that "apart from some sales of the allegedly infringing products none of the operative facts in this case occurred in New York . . . ." 325 F. Supp. 2d at 291.

Here, neither Plaintiff nor any of the Defendants are located in this District. Furthermore, as discussed *supra*, Plaintiff has failed to establish any operative facts that have any connection to this District. At the most, Plaintiff can assert the proximity of its Connecticut operations to New York, but again, this factor is properly considered under the convenience prongs of the § 1404(a) test. Therefore, this case falls under both exceptions to the deference ordinarily accorded a plaintiff's choice of forum. Plaintiff's choice of the Southern District of New York is not entitled to significant deference.

---

[3] Other courts in this District have held that a plaintiff's choice of a non-home forum should be afforded "greater deference" if it was "motivated by legitimate reasons," and "diminishing deference" if "it was motivated by tactical advantage, such as forum shopping." *Caville v. Malibu Toys, Inc.*, No. 03 Civ. 9727 (SAS), 2004 WL 1516799, at *2 (S.D.N.Y. July 7, 2004). This test relies on *Iragorri v. United Technologies Corp.*, which held that for *forum non conveniens* dismissals, the appropriate standard of deference depends on whether a plaintiff's choice of a non-home forum was motivated by legitimate or tactical reasons. 274 F.3d 65, 73 (2d Cir. 2001). However, *Iragorri* is distinguishable because it did not involve a motion to transfer. Under a motion to transfer, plaintiff's choice of forum "is no longer given the overriding consideration it may have once enjoyed under the former doctrine of *forum non conveniens*." *Y4 Design, Ltd. V. Regensteiner Pub. Enterprises, Inc.*, 428 F. Supp. 1067, 1070 (S.D.N.Y. 1977). Therefore, this Court adopts the approach in *Herbert* and other such cases.

### C. Convenience of Witnesses and Availability of Process

"Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer." *Herbert*, 325 F. Supp. 2d at 286. "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005). However, "[a] party seeking to rely on the convenience of the witnesses factor must identify the material witnesses and supply a general description of what their testimony will cover." *Dostana Enter., LLC v. Fed. Express Corp.*, No. 00 Civ. 747 (RWS), 2000 WL 1170134, at *3 (S.D.N.Y. Aug. 16, 2000). Where a party "has outlined the expected testimony of [its witnesses] in only vague terms, they will not be considered as material witnesses whose convenience will affect the balancing inquiry." *Dealtime.com v. McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000).

Barclay argues that this factor of the analysis is neutral, because it is difficult to identify any non-party witnesses at this stage of the litigation. Accordingly, Barclay does not identify a single non-party witness who would be inconvenienced by venue in this District, or describe any expected testimony. Plaintiff counters that three non-party witnesses live within close proximity to this District and would be inconvenienced by transfer to the Northern District of Illinois: the two other Defendants named in the Complaint, Nantucket and L.A. Sales, who have allegedly settled this litigation, and an unidentified former independent sales representative for Plaintiff based in Long Island, New York.

While Plaintiff correctly points out that Barclay has failed to meet its burden of specifying witnesses who would be inconvenienced absent a transfer, Plaintiff has also failed to outline the potential testimony of its non-party witnesses in terms specific enough to establish that testimony's materiality. Plaintiff offers nothing about the prospective testimony of

7

Nantucket and L.A. Sales. As for the former independent sales representative, Plaintiff claims that he or she will offer testimony about the design of the Patented Invention. However, the patent was originally held by Efraim Eckhaus, Plaintiff's president. Eckhaus Decl. ¶ 1; Compl. Ex. A. Plaintiff states that Eckhaus will testify regarding the conception and development of the Patented Invention. Therefore, testimony from the sales representative would be duplicative of Eckhaus's testimony; Plaintiff has not revealed why the representative's testimony would be necessary or how it would materially differ from Eckhaus's testimony. In sum, Plaintiff has failed to establish that inconvenience to its proposed non-party witnesses argues against transfer of this case to Illinois.

As for the convenience of party witnesses, both Plaintiff and Barclay state that their employees—located in Connecticut and Illinois—will offer material testimony. No party witnesses are located in this District. Transferring venue would only shift the inconvenience for party witnesses from one party to another, because employees of either party can be compelled to testify in either jurisdiction. Therefore, this factor is also neutral. *See, e.g.*, *Earley v. BJ's Wholesale Club, Inc.*, No. 06 Civ 3529 (WHP), 2007 WL 1624757, at *3 (S.D.N.Y. June 4, 2007) ("[B]ecause most of the witnesses in this action will likely be party witnesses, the convenience of witnesses is a neutral factor.")

Regarding the availability of process to compel the testimony of unwilling witnesses, Plaintiff argues that this factor favors venue in this District because the three non-party witnesses it has identified, as well as party witnesses representing each of the three original Defendants in this action, are all subject to the subpoena power of this District. Here, neither party asserts that any witness will be unwilling to testify. Moreover, as held *supra*, Plaintiff has failed to establish that the testimony of the non-party witnesses is necessary to resolve this action.

In sum, neither party can establish that the convenience of witnesses, the convenience of parties, or the availability of process to compel testimony favors either this District or the Northern District of Illinois. These factors are therefore neutral.

### D. Convenience of Parties

"The parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party." *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (quoting *Wechsler v. Macke Int'l Trade*, *Inc.*, No. 99 Civ. 5725 (AGS), 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999)). Here, neither party is located in this District. The fact that Plaintiff resides in a neighboring district does not affect the analysis, since the inconvenience of travel between Illinois and the New York—New England area would be borne by Barclay absent a transfer, and merely shift to Plaintiff in the case of a transfer. Accordingly, this factor is neutral.

### E. Access to Sources of Proof

Defendant Barclay argues that because "the bulk of relevant evidence will come from defendant's offices and support staff," *Wechsler*, 1999 WL 1261251, at *8, ease of access to relevant witnesses and documents favors the Northern District of Illinois. Plaintiff points out, however, that "location of documents . . . is not a compelling consideration when records are easily portable." *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2010 WL 2697073, at *2 (S.D.N.Y. 2010) (internal citation and quotation marks omitted). Moreover, Defendant has not shown any hardship or inability to produce necessary documents in New York. *See Medien Patent Verwaltung*, 749 F. Supp. 2d at 191. Accordingly, this factor is neutral.

### F. Trial Efficiency and the Interests of Justice

"[T]he Court's consideration of whether transfer is in the interest of justice is based on the totality of the circumstances . . . and relates primarily to issues of judicial economy." *Beatie & Osborn*, 431 F. Supp. at 397. Statistics offered by Barclay indicate that the Southern District of New York's docket is more congested than that of the Northern District of Illinois. While this factor has "no more than marginal relevance, it favors transfer." *In re Principal U.S. Prop. Account Litig.*, No. 09 Civ. 9889 (CM), 2010 WL 1645042, at *6 (S.D.N.Y. Apr. 22, 2010).

### G. Remaining Factors

The parties do not dispute the relative means of the parties to bring suit in either forum. Nor do the parties dispute that courts in both districts are familiar with the governing law. "Patent law is federal law and any district court may handle a patent case with equal skill." *Wechsler*, 1999 WL 1261251, at *9. Therefore, these factors are neutral.

### H. Balancing the § 1404(a) Factors

Of the § 1404(a) factors of analysis for transfer of venue, none favor venue in this District. One of the most important factors—the locus of operative facts—strongly favors transfer of venue to the Northern District of Illinois. Barclay has also demonstrated that Plaintiff's choice of forum is not entitled to deference, and that considerations of judicial economy slightly favor the Northern District of Illinois. The remaining factors are neutral. Therefore, Defendant has established that the balance of the § 1404(a) factors favors transfer.

IV.    Conclusion

Defendant's Motion to Transfer Venue is granted. The Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of Illinois.

SO ORDERED.

Dated: August 26, 2011
       New York, NY

_____
U.S.D.J.